IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARZANNA JONES *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>JOHN MICHAEL MULVANEY *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-02132-BAH |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE**

Plaintiffs Carzanna Jones and Heynard L. Paz-Chow filed this putative class action complaint on September 13, 2018,[1] against their employer,[2] the Bureau of Consumer Financial Protection, and its acting director, John Michael Mulvaney (collectively, "Bureau"). But the case has its roots several years ago, when the Plaintiffs separately filed administrative Equal Employment Opportunity class complaints alleging employment discrimination. Two different

---

[1] Plaintiffs filed a second version of their complaint on September 17, 2018, ECF 4, that was not specifically labeled as an amended complaint and that appears substantively identical to the original complaint filed on September 13, 2018. Citations within are to ECF 4.

[2] Carzanna Jones is a current employee and Heynard L. Paz-Chow is a former employee.

1

Administrative Judges denied class certification and both denials were affirmed on administrative appeal. The Complaint in this case followed.

The Complaint alleges race discrimination and retaliation in violation of 42 U.S.C. § 1981 (Counts I and II), race and gender discrimination and retaliation in violation of Title VII (Counts III and IV), a violation of the Equal Pay Act (Count V), and a violation of the Americans with Disabilities Act (Count VI). With the exception of Count VI, which Plaintiff Jones brings individually, all of the claims are brought on behalf of a putative class of similarly situated employees.

A number of these counts are fatally deficient: The Complaint alleges violations of laws that do not apply to the federal government, brings a conclusory claim based on a naked assertion lacking factual support, and pleads a class action for violations of a statute that is exempt from the class-action mechanism. The Bureau therefore moves, in lieu of filing an answer at this time, to have the Complaint partially dismissed and some of the allegations stricken. *See Betz v. First Credit Servs., Inc.*, 139 F. Supp. 3d 451, 456 n.4 (D.D.C. 2015) (defendant's "partial motion to dismiss . . . suspends the time by which it must respond to the entirety of the Complaint pursuant to Rule 12(a)").

Counts I and II, which assert racial discrimination and retaliation claims pursuant to 42 U.S.C. § 1981, must be dismissed for lack of jurisdiction because Title VII is the exclusive remedy for claims of racial discrimination in federal employment. Count V should be dismissed pursuant to Rule 12(b)(6) because the Complaint's naked assertions, devoid of factual support, fail to state a claim for violation of the Equal Pay Act. And even if Count V is not dismissed, its class allegations should be stricken because Equal Pay Act claims cannot be brought as class actions under Rule 23. Finally, Count VI, which asserts an individual claim under the Americans

with Disabilities Act (ADA), must be dismissed for failure to state a claim, because the ADA does not apply to the federal government.

Accordingly, the Court should dismiss Counts I, II, V, and VI.  If the Court declines to dismiss Count V, it should strike the class allegations contained in that Count.

## ARGUMENT

### I. The Court Lacks Jurisdiction Over Counts I and II (Section 1981 Claims) Because Title VII is the Exclusive Remedy for Claims of Racial Discrimination in Federal Employment

This Court must dismiss Counts I and II under Rule 12(b)(1) because the Court lacks subject-matter jurisdiction over the claims contained in them.  These counts allege race discrimination and retaliation in violation of 42 U.S.C. § 1981.  Compl. ¶¶ 58–67.  But Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976).  And because it is exclusive, Title VII "precludes actions" for discrimination in federal employment "against federal officials . . . under other federal legislation." *Kizas v. Webster,* 707 F.2d 524, 542 (D.C. Cir. 1983) (citations omitted).  This Court therefore lacks subject-matter jurisdiction to hear the Plaintiffs' claims under § 1981 and these counts must be dismissed. *See Smalls v. Emanuel*, 840 F. Supp. 2d 23, 29–30 (D.D.C. 2012) ("The Court lacks subject matter jurisdiction to hear plaintiff's allegations of race discrimination and retaliation alleged pursuant to § 1981.").

### II. Count V Fails to State an Equal Pay Act Claim

The Complaint fails to allege enough facts to make out a facially plausible Equal Pay Act (EPA) claim on behalf of Plaintiff Jones, and therefore Jones's claim must be dismissed under Rule 12(b)(6).[3]  While there are three elements of an Equal Pay Act claim, the Complaint alleges

---

[3] The Bureau does not contest this Court's jurisdiction to hear Jones's claim under the Equal Pay Act, which is a part of the Fair Labor Standards Act (FLSA).  While the D.C. Circuit has held

only one of them clearly, and does so in a formulaic fashion without factual support. This is insufficient.

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* And a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means that a complaint is insufficient if it "tenders naked assertion[s] devoid of further factual enhancements." *Iqbal*, 556 U.S. at 678 (citations omitted).

Jones fails to sufficiently allege any of the elements of an Equal Pay Act claim. "There are . . . three elements a plaintiff must make out to state an Equal Pay Act claim: (1) that the plaintiff was doing substantially equal work on the job as members of the opposite sex, (2) that the plaintiff's job was performed under similar working conditions, and (3) that the plaintiff was paid at a lower wage than those members of the opposite sex." *Perez v. D.C. Dep't of*

---

that, pursuant to the Tucker Act, FLSA claims against the United States must be brought in the Court of Federal Claims unless the plaintiff waives claims in excess of $10,000, *Waters v. Rumsfeld*, 320 F.3d 265, 272 (D.C. Cir. 2003), the Bureau adheres to the position of the Department of Justice that this holding has been displaced by *United States v. Bormes*, 133 S. Ct. 12, 18 (2012) (holding that "[t]he Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies"). Nonetheless, several courts have disagreed with this position. *See Abbey v. United States*, 745 F.3d 1363, 1369 (Fed. Cir. 2014) (rejecting argument that Tucker Act no longer applies to FLSA damages cases against the United States); *Adair v. Bureau of Customs and Border Protection*, 191 F. Supp. 3d 129, 132–34 (D.D.C. 2016) (transferring EPA claim, *sua sponte*, to Court of Federal Claims); *Johnson v. Lightfoot*, 273 F. Supp. 3d 278, 287 n.5 (D.D.C. 2017) (dismissing EPA claim *sua sponte*).

*Employment Servs.*, 305 F. Supp. 3d 51, 56 (D.D.C. 2018) (quoting *Cornish v. District of Columbia*, 67 F. Supp. 3d 345, 360 (D.D.C. 2014) (quotations omitted)).  The Complaint simply states: "For example, Jones has been consistently paid less than similarly situated white and male colleagues at the Bureau, including male Consumer Response Specialists."  Compl. ¶ 30.

This is nothing more than a formulaic recitation of part of an Equal Pay Act claim that lacks any factual support, such as identifying particular male employees who were allegedly paid more than Jones and providing specific allegations to support the contention that their duties and working conditions were substantially equal to her own.  *See Wade v. Morton Bldgs., Inc.*, No. 09-1225, 2010 WL 378508, at *6 (C.D. Ill. Jan. 27, 2010) (dismissing Equal Pay Act claim pursuant to Rule 12(b)(6) where "[e]ssentially, Plaintiff has alleged only that a male employee performed the same work for more pay.  That is essentially a recitation of the elements of an equal pay claim, a recitation not grounded in any underlying facts").  And it is far less specific than allegations that courts have found sufficient to survive a motion to dismiss.  *See, e.g.*, *Cornish*, 67 F. Supp. 3d at 361 (complaint identified three male coworkers who performed same duties but were compensated at higher pay grades); *Ventura v. BEBO Foods, Inc.*, 595 F. Supp. 2d 77, 86–87 (D.D.C. 2009) (complaint alleged a female busser was paid $3.35 an hour and a male busser was paid $8.00 an hour).

Moreover, Jones fails to allege that she was doing substantially equal work on the job as these members of the opposite sex or that the job was performed under similar working conditions.  Stating that colleagues are "similarly situated" is a legal conclusion that the Court need not credit.  *See Hughes v. Xerox Corp.*, 37 F. Supp. 3d 629, 645 (W.D.N.Y. 2014) ("Here, Plaintiff provides no factual support for her unequal pay claims. She simply bases the claims on a formulaic recitation of the elements of an unequal pay claim, but those allegations amount to

nothing more than legal conclusions."). And stating that individuals have similar job titles does not address whether they perform equal work or whether their working conditions are similar. *See Lawrence v. CNF Transp., Inc.*, 340 F.3d 486, 492 (8th Cir. 2003) ("Application of the Equal Pay Act depends not on job titles or classifications but on the actual requirements and performance on the job.") (citation omitted); *Beck-Wilson v. Principi*, 441 F.3d 353, 362 (6th Cir. 2006) (same); *Merillat v. Metal Spinners, Inc.*, 470 F.3d 685, 695 (7th Cir. 2006) (same); 29 C.F.R. § 1620.13(e) ("Application of the equal pay standard is not dependent on job classifications or titles but depends rather on actual job requirements and performance."). Jones therefore fails to plead any facts that, if true, would tend to show that she has satisfied the first two elements of an Equal Pay Act claim.

The only other allegation potentially relevant to Jones's Equal Pay Act claim is a table purporting to compare the average salaries of male and female employees at the Bureau, *see* Compl. ¶ 22, but it is inadequate to provide credible, plausible factual support for her claim. This aggregate data for all of the Bureau's approximately 1,600 employees does not divide employees into groups doing equal work under similar working conditions, so the comparisons it makes provide no support for an Equal Pay Act claim. And, of course, the table says nothing about Jones specifically, and does not compare her to those doing equal work under similar conditions.

In short, Jones's Equal Pay Act claim consists of a formulaic recitation of one element of a claim. "[C]ourts routinely dismiss [Equal Pay Act] claims pled in this formulaic fashion." *Lehman v. Bergmann Assocs.*, Inc., 11 F. Supp. 3d 408, 420 (W.D.N.Y. 2014) ("How was her position comparable or substantially similar? What responsibilities did they share?"); *see also Arafat v. Sch. Bd. of Broward Cty.*, 549 F. App'x 872, 875 (11th Cir. 2013) ("She did not plead

the facts comparing her skill, effort, and responsibility levels to those younger males who were allegedly paid more than her. . . . The district court properly dismissed."); *Unger v. City of Mentor*, 387 F. App'x 589, 595 (6th Cir. 2010) ("Her complaint cites nothing more than the claim's legal elements, neglecting to provide any factual basis in support."). Since Jones's claim is based on a "naked assertion devoid of further factual enhancements," *Iqbal*, 556 U.S. at 678 (citations omitted), it should be dismissed.

### III. If It Does Not Dismiss Count V, the Court Should Strike the Count V Class Allegations Because Equal Pay Act Claims Cannot Be Brought as Rule 23 Class Actions

Even if it does not dismiss Count V, this Court should strike the Complaint's Equal Pay Act class allegations pursuant to Rule 12(f), because the Equal Pay Act's mandatory, statutory opt-in procedures preclude bringing class claims under Rule 23, and Plaintiff Jones makes no attempt to comply with the special collective-action procedures applicable to the Act. Rule 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Where, as here, a putative class action cannot legally be certified, the appropriate course is for the court to strike the class allegations.

Plaintiff Jones alleges violations of the Equal Pay Act "[o]n behalf of herself and [a] class she seeks to represent." Compl. ¶ 86; *see also id.* at ¶¶ 51–57 (generally applicable "class allegations"); *id.* at ¶¶ 79, 81, 82, 85 (alleging violations on behalf of "similarly situated" individuals). But Equal Pay Act claims cannot be brought as class actions. The Fair Labor Standards Act (FLSA), of which the Equal Pay Act is a part, provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Because "potential class members must affirmatively join ('opt in') the lawsuit," *Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416, 419 (D.C. Cir. 2006), "[s]uits for recovery under the

Equal Pay Act differ from the mainstream of class actions under the Federal Rules," *Thompson v. Sawyer*, 678 F.2d 257, 269 (D.C. Cir. 1982).  Instead, Equal Pay Act collective actions proceed via a special two-step opt-in class procedure.  *See Castillo v. P & R Enterprises, Inc.*, 517 F. Supp. 2d 440, 444–45 (D.D.C. 2007) (describing FLSA procedures).

While striking pleadings under Rule 12(f) is normally a "drastic remedy," it is appropriate to "require that pleadings be amended to eliminate class allegations" where, as here, the case cannot proceed as a class action.  *Artis v. Yellen*, 309 F.R.D. 69, 73 (D.D.C. 2015), *aff'd*, No. 15-5260, 2015 WL 10583057 (D.C. Cir. Dec. 21, 2015); *see also Smith v. Washington Post Co.*, 962 F. Supp. 2d 79, 85 (D.D.C. 2013) (explaining that Rule 12(f) has been used to strike "facially implausible class allegations").[4]  Jones makes no attempt to follow the two-step opt-in class procedures applicable to the Equal Pay Act.  Instead, she pleads a putative class action pursuant to Rule 23 that cannot, as a matter of law, be certified.  The Court should therefore strike the Count V class allegations, if it does not dismiss Count V outright.  *See Songu-Mbriwa v. Davis Mem'l Goodwill Indus.*, 144 F.R.D. 1, 1–2 (D.D.C. 1992) ("[P]laintiff's complaint attempts to bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. This . . . she cannot do. Therefore, the Court strikes plaintiff's Rule 23 class allegations from her complaint." (citations omitted)).

---

[4] Federal Rule of Civil Procedure 23(d)(1)(D) also allows the Court to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."  Local Civil Rule 23.1(b) provides that in a putative class action a "defendant may move at any time to strike the class allegations."

## IV. Count VI Fails to State a Claim Because the Federal Government Is Not an "Employer" Under the ADA

Count VI of the Complaint must also be dismissed pursuant to Rule 12(b)(6). In that count, Plaintiff Jones alleges violations of the Americans with Disabilities Act (ADA) by the Bureau. Compl. ¶ 88. But, the "United States" is explicitly excluded from the definition of "employer[s]" subject to the ADA, 42 U.S.C. § 12111(5)(B)(i), and as a federal agency, the Bureau is an arm of the United States, *see* 12 U.S.C. § 5491(a) (establishing the Bureau and providing that it "shall be considered an Executive agency"). Count VI therefore fails to state a claim and should be dismissed. *See Klute v. Shinseki*, 797 F. Supp. 2d 12, 17 (D.D.C. 2011) ("because it is quite obvious that the plaintiff cannot prevail on a claim against the [Department of Veterans Affairs] brought under the ADA, the Court will *sua sponte* dismiss the ADA claims pursuant to Rule 12(b)(6)").[5]

November 20, 2018                              Respectfully submitted,

                                               Mary McLeod
                                                    *General Counsel*
                                              John R. Coleman
                                                    *Deputy General Counsel*
                                             Laura M. Hussain (D.C. Bar No. 988151)
                                                    *Assistant General Counsel*

                                            /s/ David A. King Jr.
                                            David A. King Jr. (Maryland Bar, member in good standing)

---

[5] Consistent with Rule 8(e)'s mandate to construe pleadings "so as to do justice," courts have sometimes construed ADA claims against the federal government as Rehabilitation Act claims. *See Emrit v. Nat'l. Institutes of Health*, 157 F. Supp. 3d 52, 55 n.3 (D.D.C. 2016) (construing complaint by *pro se* plaintiffs). Here, however, Plaintiffs are represented by experienced employment counsel, so the court need not liberally construe this complaint. *Cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing then-Rule 8(f) in concluding that pro se filings must be construed liberally and held to a less stringent standard).

Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, D.C. 20552
(202) 435-9289
david.king@cfpb.gov
*Counsel for Bureau of Consumer Financial Protection*