# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARZANNA JONES et al., | |
| Plaintiffs, | Case No.: 18-cv-2132-BAH |
| v. | |
| KATHLEEN KRANINGER et al., | |
| Defendants. | |

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM ON EQUAL PAY ACT JURISDICTION

In Count III of Plaintiffs' Amended Complaint, ECF 8, Plaintiff Jones alleges a violation of the Equal Pay Act. In the Joint Meet and Confer Statement, ECF 10, the Consumer Financial Protection Bureau (Bureau) stated that it does not contest the Court's jurisdiction over the Equal Pay Act claim, but alerted the Court to precedent contrary to the government's position on this issue. In a January 24, 2019, Minute Order, the Court asked the Parties, in relevant part, "why the Court should enter a briefing schedule . . . prior to resolving the jurisdictional concerns raised in the Joint Meet and Confer Report." The Parties submitted a Joint Status Report on January 28, 2019, ECF 11, in which they offered to provide briefing on the jurisdictional issue if the Court would like to consider the issue *sua sponte*. Later that day, the Court entered a Scheduling Order providing, in relevant part, that "by February 4, 2019, the defendants shall file a brief addressing the Court's jurisdiction over this matter" and "by February 11, 2019, the plaintiffs shall file a brief addressing the Court's jurisdiction over this matter." The Bureau

1

accordingly files this brief concerning district court jurisdiction over Equal Pay Act claims against the federal government.

## I. The Court's Federal Question Jurisdiction Covers This Case

In their Amended Complaint, Plaintiffs allege jurisdiction under, among other statutes, the Federal question statute, 28 U.S.C. § 1331. Am. Compl. ¶ 3, ECF 8. That statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

This is a civil action, Count III of which arises under a law of the United States, namely, the Equal Pay Act of 1963, codified at 29 U.S.C. § 206(d), which amended the Fair Labor Standards Act of 1938 (FLSA). The FLSA expressly establishes the right to bring this claim in 29 U.S.C. § 216(b), which provides, in part:

> An action to recover the liability prescribed in [the relevant portion of the statute] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

This Court is a "court of competent jurisdiction."

The authority of the United States district courts to hear FLSA suits against private employers is beyond question. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003). There is no sound rationale for reaching a different conclusion in suits against the federal government.

No provision of the FLSA calls into question this Court's jurisdiction to resolve FLSA suits against the federal government. The FLSA provision specifying a civil right of action treats suits against private and public employers indistinguishably. 29 U.S.C. § 216(b) ("action . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction"). Thus, this Court has jurisdiction to hear the Equal Pay Act claim unless

2

some statute other than the FLSA deprives it of jurisdiction.

## II. The Tucker Act Does Not Deprive This Court Of Jurisdiction

### A. Historical Practice

In 1974, Congress amended the FLSA to extend its coverage to include most federal employees. *See American Fed'n of Gov't Employees, AFL-CIO v. Office of Pers. Mgmt.*, 821 F.2d 761, 769 (D.C. Cir. 1987). In the years that followed, the government urged—and courts adopted—the view that FLSA claims against the federal government exceeding $10,000 had to be brought in the United States Court of Federal Claims because the Tucker Act, 28 U.S.C. § 1491,[1] supplied the necessary waiver of sovereign immunity. *See, e.g.*, *Zumerling v. Devine*, 769 F.2d 745, 748 (Fed. Cir. 1985) ("The FLSA claims here are against the United States, and may not be brought unless the United States has waived its sovereign immunity. Such a waiver can be found in the Tucker Act . . . .").

In a brief for one case decided by the United States Court of Appeals for the Federal Circuit in 1995, *Saraco v. United States*, 61 F.3d 863 (Fed. Cir. 1995), the government explained its position at the time:

> Where the Federal Government is sued for damages or back pay, the court of competent jurisdiction can only be one exercising Tucker Act jurisdiction, *i.e.,* the [Court of Federal Claims], or, for claims less than $10,000, a district court.
>
> Similarly, because it does not specifically provide for suits against the Federal Government, the FLSA cannot be viewed as a waiver of sovereign immunity independent of the Tucker Act.

---

[1] A portion of the Tucker Act, known as the Little Tucker Act, codified at 28 U.S.C. § 1346(a)(2), provides for concurrent jurisdiction in both the district courts and in the Court of Federal Claims for Tucker Act claims of no more than $10,000. *Vietnam Veterans of Am. v. Sec'y of the Navy*, 843 F.2d 528, 533 (D.C. Cir. 1988).

Brief for Defendants-Appellees, *Saraco v. United States*, 61 F.3d 863 (Fed. Cir. 1995) No. 94-1073, 1994 WL 16181941, at *8 (internal citations omitted); *see also Abbey v. United States*, 745 F.3d 1363, 1371 (Fed. Cir. 2014) (quoting much of the above portion of the government's brief). The Federal Circuit adopted this position. *See, e.g.*, *Saraco*, 61 F.3d at 866 (explaining Federal Circuit view "that jurisdiction of cases under the FLSA was provided only by the Tucker Act"); *Abbey*, 745 F.3d at 1372 (maintaining this view). Opinions issued by other circuits, including the United States Court of Appeals for the District of Columbia Circuit, were in accord with this position. *See, e.g.*, *Waters v. Rumsfeld*, 320 F.3d 265, 270 (D.C. Cir. 2003) ("Under the (Big) Tucker Act, claims 'exceeding the $10,000 jurisdictional ceiling . . . are within the exclusive jurisdiction of the Court of Claims.'" (citation omitted)).

    **B.**    **The Supreme Court's Decision In *Bormes***

On November 13, 2012, the Supreme Court issued its opinion in *United States v. Bormes*, 568 U.S. 6 (2012). In that case, which did not involve the FLSA, the Supreme Court ruled that, for an action brought based on a statute containing its own self-executing remedial scheme, the waiver of sovereign immunity necessary to allow a claim against the United States had to be found, if at all, within that statute. *Id.* at 15. The Tucker Act's waiver of sovereign immunity cannot be paired with a right created by a separate statute if that statute contains its own comprehensive remedial scheme. *Id.*

*Bormes* involved a putative class action brought in the United States District Court for the Northern District of Illinois, seeking damages from the United States for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq. Bormes*, 568 U.S. at 8. Mr. Bormes's complaint invoked jurisdiction under the FCRA and the Little Tucker Act, 28 U.S.C. § 1346(a)(2). *Bormes*, 568 U.S. at 8. The district court dismissed the case, holding that the FCRA

4

did not contain a waiver of sovereign immunity, but did not address the Little Tucker Act. *Id.* at 8-9.

Mr. Bormes appealed to the Federal Circuit based upon that court's jurisdiction over appeals from cases in which jurisdiction was based in whole or in part upon the Little Tucker Act. *Id.* at 9. The Government requested to transfer the appeal to the United States Court of Appeals for the Seventh Circuit because the Little Tucker Act's jurisdictional grant did not apply to the case. *Id.* The Federal Circuit denied the motion to transfer and vacated the district court's decision, holding that the Little Tucker Act provided the Government's consent to suit for FCRA violations. *Id.*

The Supreme Court vacated the Federal Circuit's decision. *Id.* at 16. The Court reviewed the history and purpose of the Tucker Act and Little Tucker Act and concluded that "the Tucker Act's jurisdictional grant, and accompanying immunity waiver, supplied the missing ingredient for an action against the United States for the breach of monetary obligations not otherwise judicially enforceable." *Id.* at 12. The Court explained the Tucker Act's gap-filling role:

> The Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies. In that event, the specific remedial scheme establishes the exclusive framework for the liability Congress created under the statute. Because a precisely drawn, detailed statute pre-empts more general remedies, FCRA's self-executing remedial scheme supersedes the gap-filling role of the Tucker Act.

*Id.* at 12-13 (internal quotation marks and citations omitted).

The Court then applied that principle to the FCRA, explaining,

> FCRA creates a detailed remedial scheme. Its provisions set out a carefully circumscribed, time-limited, plaintiff-specific cause of action, and also precisely define the appropriate forum. It authorizes aggrieved consumers to hold any person who willfully or negligent[ly] fails to comply with the Act's requirements liable for specified damages. Claims to enforce liability must be brought

> within a specified limitations period, and jurisdiction will lie in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction. Without resort to the Tucker Act, FCRA enables claimants to pursue in court the monetary relief contemplated by the statute.

*Id*. at 15 (internal quotation marks and citations omitted).

In *Bormes*, the Supreme Court observed that "any attempt to append a Tucker Act remedy to the [FCRA's] existing remedial scheme interferes with its intended scope of liability." *Id.* at 16. "[T]he Tucker Act cannot be superimposed on an existing remedial scheme." *Id.* When the Supreme Court ordered the case to be remanded, it also gave explicit instructions for the Federal Circuit to transfer the case to the Seventh Circuit to determine whether the FCRA contains a waiver of sovereign immunity. *Id*.

The FLSA, like the FCRA, sets forth a "detailed remedial scheme." *See id.* at 15. Also like the FCRA, the FLSA authorizes liability for specific monetary damages. *Compare* 15 U.S.C. § 1681n (FCRA), *with* 29 U.S.C. § 216(b) (FLSA). Both statutes limit the period during which a suit may be brought. *Compare* 15 U.S.C. § 1681p (FCRA), *with* 29 U.S.C. § 255 (FLSA). Both statutes also provide for the payment of attorney fees. *Compare* 15 U.S.C. § 1681n(a)(3) (FCRA), *with* 29 U.S.C. § 216(b) (FLSA). Finally, both statutes explicitly authorize a judicial avenue of review. The FCRA provides that suit may be brought in "in any appropriate United States district court . . . or in any other court of competent jurisdiction." 15 U.S.C. § 1681p. The FLSA provides that suit may be brought "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). And although *Bormes* did not decide whether the FCRA contains a waiver of sovereign immunity, there is no question that the FLSA waives the United States' sovereign immunity. 29 U.S.C. § 203(e)(2)(A) (defining covered employees to include most Federal employees), § 216(b); *see El-Sheikh v. United States*, 177 F.3d 1321, 1323 (Fed.

6

Cir. 1999) ("the waiver is found in the 1974 amendments to the Fair Labor Standards Act").

### C. The Role Of The Tucker Act After *Bormes*

In accord with the Supreme Court's pronouncement that plaintiffs cannot "mix and match" the provisions of a statute containing its own comprehensive remedial scheme with a Tucker Act immunity waiver, *Bormes*, 568 U.S. at 15, there is no role left for the Tucker Act to play in FLSA suits: Without any gap needing to be filled, resort to the Tucker Act is unnecessary and therefore improper.

Because the FLSA allows, "[w]ithout resort to the Tucker Act, . . . claimants to pursue in court the monetary relief contemplated by the statute," *id.*, just as the FCRA did in *Bormes*, there is no Tucker Act jurisdiction for FLSA suits, including Equal Pay Act suits. The Federal Circuit, however, has disagreed with this view and ruled that the Tucker Act continues to apply to FLSA suits against the federal government. *Abbey*, 745 F.3d at 1369-72. Nonetheless, the Federal Circuit did not specifically find that the district courts do not possess jurisdiction to hear FLSA claims against the Government.

*Abbey*, which of course is not binding on this Court, thus does not squarely address this Court's jurisdiction over Equal Pay Act suits against the federal government. The Federal Circuit in *Abbey* did not clearly decide whether jurisdiction rested exclusively with that court, nor did it have a need to decide that question in that case. At least one Court of Federal Claims judge, writing before the *Abbey* decision was issued, concluded that "[t]he FLSA's broad statutory provision does not vest any specific court with jurisdiction to hear FLSA cases. Rather, by using the phrase 'any Federal or State court of competent jurisdiction,' Congress intended to provide to FLSA plaintiffs the broadest access to federal and state courts." *King v. United States*, 112 Fed. Cl. 396, 400 (2013). Thus, even if the Tucker Act does allow for FLSA suits in the Court of

7

Federal Claims, nothing in the text of the Tucker Act or FLSA deprives this Court of jurisdiction to hear such cases as well.

As noted in the Joint Meet and Confer Report, ECF 10 at 2, however, district courts in this Circuit have continued to hold, even after *Bormes*, that FLSA suits against the federal government exceeding $10,000 must be brought in the Court of Federal Claims unless the plaintiff waives claims in excess of $10,000. *See Johnson v. Lightfoot*, 273 F. Supp. 3d 278, 287-88 & n.5 (D.D.C. 2017); *Adair v. Bureau of Customs and Border Protection*, 191 F. Supp. 3d 129, 132-35 (D.D.C. 2016) (transferring case to Court of Federal Claims).[2] The Bureau respectfully submits, however, that those cases were wrongly decided and that this Court should reach a different conclusion. There is no reason to find that this Court lacks federal question jurisdiction over Plaintiff Jones's Equal Pay Act claim.[3]

---

[2] And this was the law in this Circuit before *Bormes*. *See, e.g.*, *Waters v. Rumsfeld*, 320 F.3d 265, 270-72 (D.C. Cir. 2003); *Short v. Chertoff*, 526 F. Supp. 2d 37, 42-43 (D.D.C. 2007); *Powell v. Castaneda*, 390 F. Supp. 2d 1, 7 (D.D.C. 2005); *Schrader v. Tomlinson*, 311 F. Supp. 2d 21, 25-26 (D.D.C. 2004); *Weber v. Hurtgen*, 297 F. Supp. 2d 58, 62 (D.D.C. 2003); *De Leon v. England*, No. 02-cv-0473, 2003 WL 21767504, at *2 (D.D.C. Feb. 20, 2003).

[3] Though it is not directly relevant to the question of whether this Court has jurisdiction, the Bureau notes that the Court of Federal Claims might lack jurisdiction over Plaintiff Jones's Equal Pay Act claim if that claim arises from the same operative facts as her Title VII claims for sex discrimination. This is because 28 U.S.C. § 1500 deprives the Court of Federal Claims of jurisdiction over a suit if there is an earlier-filed suit pending in another court that is "for or in respect to the same claim(s) asserted in the later-filed Court of Federal Claims action." *Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (citation omitted). "Two suits are for or in respect to the same claim, precluding jurisdiction in the [Court of Federal Claims], if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011). So if the two claims are "based on substantially the same operative facts," Jones would appear to be unable to refile her Equal Pay Act claim in the Court of Federal Claims while her Title VII sex-discrimination claims remain pending in this Court. The same situation would result if the Court transferred the claim under 28 U.S.C. § 1631 (transfer to cure want of jurisdiction). Though the two claims would be treated as filed simultaneously, this would still deprive the Court of Federal Claims of jurisdiction. *Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004) ("The filing of the same claim simultaneously in the district court and the Court of Federal Claims by operation of § 1631 deprives the latter court of jurisdiction pursuant to § 1500." (citation omitted)); *see also Philbert v. United States*, No. 18-920C, 2019 WL 117623, at *4 (Fed. Cl. Jan. 7, 2019) (same).

February 4, 2019

Respectfully submitted,

Mary McLeod
    *General Counsel*
John R. Coleman
    *Deputy General Counsel*
Laura M. Hussain (D.C. Bar No. 988151)
    *Assistant General Counsel*

/s/ David A. King Jr.
David A. King Jr. (Maryland Bar, member in good standing)
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552
(202) 435-9289
david.king@cfpb.gov
*Counsel for Consumer Financial Protection Bureau*