**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CARZANNA JONES and HEYNARD L. PAZ-CHOW, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>ROHIT CHOPRA, in his official capacity as Director, Consumer Financial Protection Bureau, and CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>    Defendants. | Civil Action No.: 18-2132 (BAH)<br><br>**Judge Beryl A. Howell**<br><br>**Jury Trial Requested** |

**FINAL APPROVAL ORDER**

Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement (the "Motion," ECF. No 174) and supporting materials, the Settlement Agreement and the exhibits attached thereto (ECF No. 164-1), the oral arguments presented at the January 18, 2024 Fairness Hearing, and the complete record in this matter, it is ordered that the Motion is **GRANTED** under Rule 23 of the Federal Rules of Civil Procedure.

The Court further makes the following findings and rulings:

## I.    DEFINITIONS

This Final Approval Order incorporates by reference the definitions in the Settlement Agreement and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

## II.    JURISDICTION

This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation, including all members of the Class as defined below.

## III.    CLASS CERTIFICATION

In its Preliminary Approval Order, the Court conditionally certified a Class. The Court now rules that the Class satisfies all of the requirements for certification under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3). Accordingly, for purposes of this Settlement, and pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), the Court certifies the following Settlement Class:

Black, African American, and/or Hispanic employees of the Bureau who, at any time between February 13, 2011 and April 19, 2022, served in a non-supervisory position(s) that was assigned to the Bureau's Office of Consumer Response, that was in pay bands identified by the Bureau as 4, 4A, 4B, 40, 41, 5, 5A, 5B, 5C, 51, 52, 53, 6, 6A, or 60, and that was classified by the Bureau as falling within occupational job series code 301 (except that service in any of the following positions does not make an individual eligible to be a member of the class: Consumer Response Implementation Manager (associated with position description number 110090), Consumer Response Manager (Quality Control) (associated with position description number 111410), Policy Analyst (associated with position description number 110210), or Consumer Response Analyst (associated with position description number 110770)).

## IV.   CLASS NOTICE

The Notices mailed to Class Members, pursuant to this Court's Preliminary Approval Order (ECF No. 168), provided due process to Class Members and constituted the best notice practicable under the circumstances. The Notices fully and fairly described to Class Members the terms and impact of the Settlement, their rights and options under the Settlement, the claims resolution process and how and by when to participate in and seek monetary recovery from the Settlement. The Notices also provided contact information to Class Members for the Claims Administrator and Class Counsel should they have questions or seek assistance with the claims resolution process. The Notices gave Class Members ample time and opportunity to review the Settlement, to obtain additional information about the Settlement from the Claims Administrator and/or Class Counsel, and to decide whether to opt out of the Settlement Class or object to the Settlement.

Notice was accomplished in all material respects. As set forth in the Declaration of Bryn Bridley, on October 2, 2023, the Claims Administrator mailed Notice to 85 Class Members. For

Class Members whose mailings were returned as undeliverable, the Claims Administrator conducted searches for correct mailing addresses and sent the Notice to those addresses found. As of November 16, 2022, it appears that only five Notices were undeliverable, and approximately 94% of Class Members appear to have received the mailed notices. The distribution of the Notices fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the United States Constitution, and any other applicable law.

On September 1, 2023, consistent with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, the CAFA Notice was mailed to the Attorney General of the United States, to the Attorneys Generals of all 50 states, the District of Columbia, Guam, Puerto Rico, and the Virgin Islands. No objections were received from any federal or state officials.

## V.    FINAL APPROVAL OF SETTLEMENT AGREEMENT

The Court hereby grants the Motion and finally approves the Settlement as set forth in the Settlement Agreement. The Court has reviewed Plaintiffs' Motion and the terms of the proposed Settlement Agreement along with its exhibits, including specifically the plan of allocation for the Settlement Fund. Based on a review of those papers and the Court's familiarity with the case, the Court concludes that the Settlement Agreement is the result of extensive, arm's length negotiations between experienced counsel and parties after years of hard-fought litigation. The assistance of an experienced mediator in the settlement process also confirms that the Settlement is not collusive.

Having considered the factors listed in Federal Rule of Civil Procedure 23(e), as well as the terms of the settlement relative to the strength of the case, the stage of litigation proceedings at the time of the settlement, the absence of any exclusion requests or objections from the class, and the opinion of experienced Class Counsel, the Court finds that the Settlement is fair, reasonable, and adequate.

The Settlement Agreement attached hereto as Exhibit 1 is hereby approved and incorporated herein and shall become effective according to its terms. The Court hereby appoints Atticus Claims

Administration, LLC, to serve as the Claims Administrator. Under the timing provided for in the Settlement Agreement, the Claims Administrator shall (a) mail to all Class Members a Notice of Final Approval of Class Action Settlement ("Final Notice"), attached as Exhibit 2, and (b) post a copy of this Order and the Final Notice on the website maintained by the Claims Administrator, www.CFPBClassSettlement.com. The Final Notice shall enclose the Claim Form, W-4 and W-9 tax forms, and the Settlement Class Member's work history, and shall inform Settlement Class Members that claim forms may be filed either electronically or by mail, and that the deadline for receipt of claim and tax forms by the Claims Administrator is forty-five days after the mailing of the notice. The Court finds the proposed claims process is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Settlement Class Members filing timely claims are fair, reasonable, and adequate.

## VI.    APPOINTMENT OF SPECIAL MASTER

As more fully explained in the corresponding Order on Plaintiff's Unopposed Motion to Appoint Special Master Under Rule 53, the Court appoints Professor Lynn P. Cohn under Federal Rule of Civil Procedure 53 as Special Master to perform the duties set forth in the Settlement Agreement. Any Neutrals that the Special Master may retain to evaluate the claims of Settlement Class Members shall similarly serve as appointments made pursuant to the Court's authority under Rule 53 of the Federal Rules of Civil Procedure.

## VII.    RELEASE AND EFFECT OF SETTLEMENT

By operation of this Final Approval Order, all Released Claims of Class Members, including the Named Plaintiffs, are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the Settlement Agreement. In addition, the claims covered by the Named Plaintiff Release of those Named Plaintiffs who choose to accept any service award in conjunction with this Settlement, as described in Exhibit B to the Settlement Agreement, are

4

fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the Settlement Agreement. The Court has reviewed the release provisions in the Settlement Agreement and in the Named Plaintiff Release, and finds the releases to be fair, reasonable, and enforceable under applicable law. All Released Claims pursuant to the Settlement Agreement are dismissed with prejudice as to all Settlement Class Members.

Each Settlement Class Member, including any member who makes an irrevocable election to exclude himself or herself from the monetary relief provisions of the Settlement Agreement by failing to act, is permanently enjoined from commencing, prosecuting, or maintaining in any court or venue other than this Court any claim, action, or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision, or ruling of this Court in connection with the Settlement.

Each Class Member is permanently enjoined from commencing, prosecuting, or maintaining in any forum, either directly, representatively, or in any capacity, any claim that is subsumed within the Released Claims defined in Section III.A.32 of the Settlement Agreement.

This Final Approval Order and Settlement Agreement are binding on all Settlement Class Members. Neither the Settlement Agreement, nor this Final Approval Order, nor the certification of the Class, nor the fact of a settlement, is an admission or concession by the Bureau of any liability or wrongdoing. Neither the Settlement Agreement nor this Order is or shall be used or deemed to be an admission in any action or proceeding of any fault, liability, or wrongdoing by the Bureau. Except in an action by a party to the Settlement Agreement alleging breach of the Settlement Agreement, neither the Settlement Agreement nor any of the negotiations or proceedings related thereto, nor this Final Approval Order, nor any related document or communication, shall be offered or received in evidence against any person or entity in any

action or proceeding as an admission, concession, presumption, or inference as to the merits of any claim.

Three business days after the time for appeal has either run without an appeal being filed or any appeal (including any requests for rehearing en banc, petitions for certiorari or other appellate review) has been finally resolved, the Amended Class Complaint shall automatically be dismissed with prejudice, except that the Court will retain continuing jurisdiction limited to resolving issues relating to the administration, implementation, and enforcement of the Settlement Agreement and this Final Approval Order. This Order shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED** this 18th day of January, 2024.

Beryl A. Howell
United States District Judge