IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARZANNA JONES and HEYNARD L. PAZ-CHOW, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br> v.<br><br>ROHIT CHOPRA, in his official capacity as Director, Consumer Financial Protection Bureau, and CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>    Defendants. | Civil Action No.: 18-2132 (BAH)<br><br>**Judge Beryl A. Howell**<br><br>**Jury Trial Requested** |

**ORDER ON
<u>PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS</u>**

  Upon consideration of Plaintiffs' Motion for Attorneys' Fees and Costs and the supporting materials filed by the Parties, under Rule 23 of the Federal Rules of Civil Procedure, it is ordered that the Motion is **GRANTED**.

  Class Counsel's "efforts created, increased or preserved a fund" and Class Counsel is therefore entitled "to recover from the fund the costs of this litigation, including attorneys' fees." *In re Black Farmers Discrimination Litig.*, 953 F. Supp. 2d 82, 88 (D.D.C. 2013) (second quoting *In re Baan Co. Sec. Litig.*, 288 F. Supp. 2d 14, 16 (D.D.C. 2003)). In awarding attorneys' fees in common fund cases, courts in this district apply "a percentage-of-the-fund method." *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1271 (D.C. Cir. 1993)

  In determining whether to grant a motion for attorneys' fees in common fund cases, courts in this district consider the following factors: "(1) 'the size of the fund created and the number of persons benefited'; (2) 'the presence or absence of substantial objections by class members to the settlement terms or fees requested by counsel'; (3) 'the skill and efficiency of the

attorneys involved'; (4) 'the complexity and duration of litigation'; (5) 'the risk of nonpayment'; (6) 'the time devoted to the case by plaintiffs' counsel'; and (7) 'awards in similar cases." *In re Fed. Nat'l Mortg. Ass'n Sec., Derivative, & "ERISA" Litig.*, 4 F. Supp. 3d 94, 110 (D.D.C. 2013). Here, each of these factors warrants granting Class Counsel attorneys' fees.

In addition to being entitled to reasonable attorneys' fees, '[c]lass counsel in common fund cases are also entitled to reasonable litigation expenses from that fund." *In re Lorazepam & Clorazepate Antitrust Litig.*, 2003 WL 22037741, at *10 (alteration in original) (quoting *In re First Databank Antitrust Litig.*, 209 F. Supp. 2d 96, 98 n.4 (D.D.C. 2002)). The costs for which Class Counsel seeks reimbursement are reasonable and were incurred for the benefit of the class.

Accordingly, the Court grants Class Counsel's requested attorneys' fees of $1,500,000.00. The Court also approves reimbursement of the reasonable fees and costs of $149,073.31 Class Counsel incurred in prosecuting this action.

SO ORDERED this 18th day of January, 2024.

_____
Judge Beryl A. Howell
United States District Judge