IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARZANNA JONES and HEYNARD L. PAZ-CHOW, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>ROHIT CHOPRA, in his official capacity as Director, Consumer Financial Protection Bureau, and CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>        Defendants. | Civil Action No.: 18-2132 (BAH)<br><br>**Judge Beryl A. Howell**<br><br>**Jury Trial Requested** |

**ORDER ON PLAINTIFFS' MOTION FOR <u>SERVICE AWARDS TO CLASS REPRESENTATIVES</u>**

Upon consideration of Plaintiffs' Motion for Service Awards to Class Representatives and the supporting materials, it is ordered that the Motion is **GRANTED**.

"It is common for courts to approve incentive awards in class-action litigations, especially when there is a common fund created to benefit the entire class." *Little v. Washington Metro. Area Transit Auth.*, 313 F. Supp. 3d 27, 35 (D.D.C. 2018). In common-fund cases, courts "routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *In re Lorazepam & Clorazepate Antitrust Litig.*, No. 99-0276, 2003 WL 22037741, at *10 (D.D.C. June 16, 2003) (internal quotations omitted). "In deciding whether to grant incentive awards and the amounts of such awards, courts consider factors such as the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursing the litigation." *Wells v. Allstate Ins. Co.*, 557 F. Supp. 2d 1, 8–9 (D.D.C. 2008) (internal quotation marks omitted). In

particular, courts consider the "financial or reputational risk undertaken in bringing the action." *Cobell v. Jewell*, 29 F. Supp. 3d 18, 25 (D.D.C. 2014), *aff'd in part, vacated in part on other grounds*, 802 F.3d 12 (D.C. Cir. 2015).

Here, the Class Representatives have spent hundreds of hours actively participating in the litigation and mediation. In doing so, they took on a personal risk, and the class benefitted significantly from their actions. Given the actions Class Representatives took to protect the interests of the class and the time and effort Class Representatives expended, a $50,000 service award to each Class Representative is reasonable.

Accordingly, the Court grants Plaintiffs' motion and approves service awards of $50,000 to each of the two Class Representatives.

SO ORDERED this 18th day of January, 2024.

_____
Judge Beryl A. Howell
United States District Judge